**Harold J. LEHMAN and Sadye Bell Lehman, Plaintiffs-Appellees,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 11833.**

United States Court of Appeals Seventh Circuit.

Dec. 12, 1956.

Charles K. Rice, Asst. Atty. Gen., Tax Division, Carolyn R. Just, Atty., U. S. Dept. of Justice, Washington, D. C., Robert Tieken, U. S. Atty., Chicago, Ill., Lee A. Jackson, Harry Baum, Attys., Dept. of Justice, Washington, D. C., John Peter Lulinski, Donald S. Lowitz, Asst. U. S. Attys., Chicago, Ill., for appellant.

Leonard Schanfield, Chicago, Ill., William P. Rosenthal, Chicago, Ill., for plaintiffs-appellees.

Before DUFFY, Chief Judge, and MAJOR and LINDLEY, Circuit Judges.

DUFFY, Chief Judge.

Sadye Bell Lehman will be referred to herein as "taxpayer." The Government appeals from a judgment of the District Court in favor of taxpayer in a suit brought by her to recover income taxes paid for the years 1946 through 1949.

On January 6, 1949 taxpayer and her former husband, Louis Reinheimer, executed an agreement providing for a lump sum property settlement and alimony, said agreement being incorporated in a divorce decree entered February 8, 1945. The agreement provided in part:

"3. The Husband agrees· to pay to the Wife, and she agrees to accept, as a lump sum property settlement and alimony in gross in full of her right, title and interest of every kind, nature, character and description whatsoever, in and to the property, income or estate which the Husband now owns or may hereafter acquire, the sum of Eighty-seven Thousand Dollars ($87,000.00), payable in periodic payments during a period ending more than ten (10) years, as follows: Seven Hundred Twenty-five Dollars ($725.00) on the 15th day of January, 1945, and a like amount on the 15th day of each and every month thereafter until said Eighty-seven Thousand Dollars ($87,000.00) had been paid in full."

Taxpayer's former husband paid the amounts due under the agreement in the four taxable years in question, and taxpayer reported the amounts she received in her 1946, 1947 and 1948 returns. In 1949 she did not report the amounts received as income, and the Commissioner assessed a deficiency which she paid.

Taxpayer filed a motion for summary judgment on December 8, 1955, and a similar motion on behalf of the Government was filed shortly thereafter. The District Court sustained the taxpayer's position that the installment payments received under the property settlement agreement were not periodic payments within the purview of § 22(k) [1] of the Internal Revenue Code of 1939 and, therefore, that they did not constitute taxable income to her.

While the instant case was pending on appeal to this Court, the Government moved that we defer a ruling on same for the reason that there was then pending in the Tax Court of the United States cases involving the right of taxpayer's former husband, Reinheimer, to deduct the payments which are here in question. U. S. Tax Court Docket No. 53987–8. Under Code § 23(u) the husband is allowed to deduct only such amounts as qualify for inclusion in the wife's income under § 22(k). The motion to defer a decision in the instant case was denied but at the oral argument the Government renewed the motion asking that the decision herein be deferred until such time as this Court can also decide an appeal from the decision of the Reinheimer case in the Tax Court. The attorney for the Government stated that the Reinheimer case had been tried in the Tax Court in June, 1956, and predicted that a decision could be expected in the early future.

We again deny the motion to defer a decision in this case. The decision

---

1. Section 22. As amended by Section 120 (a) of the Revenue Act of 1942, c. 619, 56 Stat. 798. Gross Income.

"(k) Alimony, etc., income. In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. * *

Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection; except that an installment payment shall be considered a periodic payment for the purposes of this subsection if such principal sum, by the terms of the decree or instrument, may be or is to be paid within a period ending more than 10 years from the date of such decree or instrument, but only to the extent that such installment payment for the taxable year of the wife (or if more· than one such installment payment for such taxable year is received during such taxable year, the aggregate of such installment payments) does not exceed 10 per centum of such principal sum. * * *" (26 U.S.C.1952 ed., Sec. 22).

of the Tax Court, when made, could not be dispositive of the appeal before us. Seligmann v. Commissioner of Internal Revenue, 7 Cir., 207 F.2d 489, 495. In fact, we cannot be certain that there will be an appeal to this court from the Tax Court decision. The instant case reached the day for oral argument in our Court in regular order. This plaintiff should not be tied to a record in another court in a case in which she was not a party. We think this plaintiff is entitled to have her case disposed of promptly and in regular order.

 If the payments described in the property agreement covered a period of more than ten years they were "periodic" and within the meaning of § 22(k) and a tax thereon would be due from taxpayer. If, however, the period of payments is less than ten years they are excepted from the scope of § 22(k), and no tax would be due from taxpayer by reason of such payments.

The property and alimony agreement specifically states that the Eighty-seven Thousand Dollars ($87,000.00) is to be payable "in periodic payments during a period ending more than ten (10) years * * *." The agreement does not state from what period the ten year period is to be figured, but in any event, this general statement is contradicted by the fixed schedule of payments listed in the agreement.

The schedule of payments as set forth in the agreement shows that the last payment was due on December 15, 1954 which was 21 days before the expiration of ten years from the date of the agreement, or 54 days before the expiration of ten years from the date of the divorce decree which incorporated the agreement for property settlement and alimony payments. In this case it is immaterial whether we compute the payments from the date of the agreement or the date of the divorce decree.

 The District Court correctly construed the property settlement and alimony agreement in holding that the provisions for specific monthly payments modified and limited the general clause "during a period ending more than ten (10) years" and that Reinheimer's obligation was completed on December 15, 1954. The final payment under the agreement was due and owing in a period less than ten (10) years from the date of the contract and the date of the divorce decree. There was no obligation on plaintiff to pay a tax upon such payments and the judgment of the District Court in her favor is

Affirmed.